UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAKE J. RUFFINO,                    :
      Plaintiff,                 :
                                  :
v.                                  :        CASE NO. 3:11-cv-297 (VLB)
                                  :
STEPHEN FAUCHER, et al.,            :
      Defendants.        :

## RULING AND ORDER

In this action, the plaintiff alleges that the defendants retaliated against him for exercising his First Amendment rights. Specifically, he alleges that defendants Cahill, Emmelman, Prior, Chukwurah and Duggan ransacked his cell and made vulgar comments to him and that defendant Faucher failed to intervene and prevent these actions by his subordinates. The claims concern the period from December 19, 2010, through February 2, 2011. Pending are two motions seeking an order compelling the defendants to release copies of their personnel files to the plaintiff. For the reasons that follow, the plaintiff's motions are denied.

Rule 37, D. Conn. L. Civ. R., requires that, before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute. The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention. See Hanton v. Price, No. 3:04cv473(CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006). If discussions are

not successful, the party moving to compel must submit an affidavit certifying the attempted resolution and specifying which issues were resolved and which remain.

The defendants objected to the release of personnel files on the grounds that the requests were overly broad, unduly burdensome and not limited in time or scope.  In addition, the defendants noted that disclosing personnel records to a prisoner could jeopardize institutional safety and security.  See Doc. #21, Attachment B.  In his letter attempting to resolve this dispute, the plaintiff stated that he did not agree that disclosure could jeopardize safety and security because he asked that personal information be redacted.  See Doc. #21, Attachment C.  In response, the defendants explained that release of personnel records to an inmate is prohibited by state statute.  See Doc. #22, Attachment A.   Because the plaintiff did not attempt to narrow his request in response to the defendants' objections, the court questions whether he has, in fact, attempted to resolve this dispute in good faith.

In evaluating a discovery dispute of this nature, the federal court balances the plaintiff's interest in disclosure against the state's legitimate concern of protecting the confidentiality of the defendants' personnel records.  See Mercado v. Division of New York State Police, 989 F. Supp. 521, 522 (S.D.N.Y. 1998).  By statute, Connecticut prohibits the release under the state Freedom of Information Act of correctional officers' personnel files to a prisoner.  See Conn. Gen. Stat. § 18-101f.  The state court also has expressed concern that disclosing personnel

information to inmates could lead to misuse of that information by the inmate. The court noted that the information regarding a correctional officer's disciplinary history could be used to obtain power over the correctional officer or to obtain drugs or weapons from him.  See Commissioner v. Freedom of Information Commission, Nos. CV074015438S, CV084016766S, 2008 WL 4926910, at *5 (Conn. Super. Ct. Nov. 3, 2008).

In considering a similar claim, another judge within this district denied an inmate's request for correctional facility log entries.  The defendants opposed disclosure on grounds of safety and security.  Although the prisoner objected that disclosure would not jeopardize safety or security, the court noted that the Department of Correction had a better understanding of possible security risks associated with disclosure than the prisoner.  See Lopez v. McEwan, No. 3:08cv678 (JCH), 2010 U.S. Dist. LEXIS 12470, at *7 (D. Conn. Feb. 12, 2010).  Also, a federal court in Michigan denied a prisoner's motion to compel production of personnel records analogizing the situation to a request under the Michigan Freedom of Information Act, which prohibited disclosure of personnel records. The court noted the prisoner could request the information from any witnesses testifying at trial.  See Heard v. Caruso, No. 2:05-cv-231, 2010 WL 1856477, at *2 (W.D. Mich. May 10, 2010).  Where the court has granted such a discovery request, the request was narrowly tailored and the permitted documents were directly related to the issues in the case.  See Hallasey v. Avery, No.  2009 WL 231198, at * (W.D.N.Y. Jan. 29, 2009) (although plaintiff requested copy of entire

personnel file, he was allowed copies of only three specific documents because court found those documents relevant to plaintiff's claims).

Here, the plaintiff seeks the defendants' entire personnel files except for personal information. In response to the defendants' objections, he has not narrowed the requests in time or scope and has not provided an adequate response to the defendants' argument that release of their entire personnel files could endanger the safety and security of the correctional institution. In addition, the plaintiff noted in a recently filed motion for pretrial conference, Doc. #24, that he intends to use this information only at trial, presumably for impeachment purposes.

The court concludes that the plaintiff has not adequately countered the defendants' arguments that release of their entire personnel files would endanger institutional safety and security and that the plaintiff does not require all of the requested information to impeach the defendants.

In conclusion, the plaintiff's motions to compel [Docs. #21, 22] are DENIED.

IT IS SO ORDERED.

　　　　　　　　　　　　　/s/
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: August 22, 2012.